UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James L. Pace, Jr.**, #252555; | ) C/A No.  6:06-3451-GRA-WMC |
| | ) |
| Petitioner; | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **Tim Riley,** Warden of Tyger River Correctional Institution; | ) |
| **State of South Carolina**; | ) |
| and **Henry McMaster**, Attorney General of South Carolina; | ) |
| | ) |
| Respondents. | ) |
| | ) |

The petitioner, proceeding *pro se*, files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner is an inmate at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC).  He was convicted and sentenced in Spartanburg County Court of General Sessions in 1998.  Although the petitioner indicated to the contrary on the § 2254 petition currently before the Court, this Court has previously adjudicated a petition for writ of habeas corpus filed by the petitioner. In Civil Action Number 6:03-1938-GRA-WMC, this Court dismissed petitioner's § 2254 petition and granted the respondent's motion for summary judgment.[2]  Petitioner has not received permission from the United States Court of Appeals for the Fourth Circuit to file

---

[1]    Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2]    The Court may take judicial notice of proceedings had before it in a prior suit with the same parties.  Mann v. Peoples First Nat. Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954); *see also*  Colonial Penn Insurance Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").

a second or successive § 2254 petition.  The petition should be dismissed as this Court does not have jurisdiction to consider it.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, Rule 4 of the Federal Rules Governing Section 2254 Cases, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true.  *See*  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal.

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts.  Under this framework, individuals convicted of crimes in state courts seek federal

2

habeas corpus relief through 28 U.S.C. § 2254." In re Vial, 115 F.3d 1192, 1194 (4th Cir.

1997).  On April 24, 1996, the President signed into law the Anti-Terrorism and Effective

Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See* Felker v. Turpin, 518 U.S. 651, [657] (1996).  Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

In re Vial, 115 F.3d at 1194.

The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to

provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A).  A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

Felker v. Turpin, 518 U.S. 651, 657 (1996).

In order for this Court to consider a second or successive § 2254 petition, petitioner

must obtain a Pre-Filing Authorization from the United States Court of Appeals for the

Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See* In re: Williams, 330 F. 3d 277 (4th Cir.

2003); In re: Fowlkes, 326 F. 3d 542 (4th Cir. 2003).  Petitioner can obtain the necessary

forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents.

**Petitioner's attention is directed to the important notice on the next page.**

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 19, 2006

Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).